## KUHN v JACKMAN

Ohio Appeals, 3rd Dist, Allen Co

No 506.   Decided Feb. 19, 1929

Blank & Blank, Lima, for Kuhn.
Mackenzie & Weadock, Lima, for Jackman.

## HUGHES, J.

We entertain no doubt but that the trust deed is void and of no effect for two reasons, first because the use of the word heirs of the grantor to designate the parties as grantees of the remainder is ineffectual, See, 18 Corpus Juris, 159, and second, because of **Section 8617 of the General Code of Ohio,** hence we are back to the consideration of this case on the question of the performance under the deed given to the plaintiff.

The evidence makes it clear that while this deed to plaintiff was recorded, there was never any dominion exercised by her over the property; she did not collect nor demand rent from any one therefor; she did not make or pay for any repairs thereon; she did not pay the taxes charged against the property save and except on one occasion which was near the date of her father's death.

It is true that her father made his home with her and ate at her table, but she accepted a regular and full compensation for his board, in money; his laundry was sent to the laundry; bills made out in his name and paid by him; his clothes were purchased and charged to him and paid by him. In short, the evidence makes it quite certain that there was no effort upon her part to perform the conditions imposed upon her by this deed. And therefore, unless it is made to appear that the performance of the conditions were waived by the grantor, a decree of cancellation should be decreed. See section 2108, Pomeroy's Equity Jurisprudence, Second Edition.

The evidence shows that this grantor was practically blind and almost continually bed-ridden by physical infirmaties for the last four years of his life, and in view of his physical disabilities, which made it almost impossible for him to protest, it cannot be said that the evidence in this case would warrant a finding of waiver upon his part.

Judgment will be for the defendant. Each party to pay his own costs.

Before Judges Hughes, Justice and Crow.